*E-FILED 01-15-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES WESLEY GRAY,<br><br>    Plaintiff,<br><br> v.<br><br>I.B.E.W. LOCAL 332 PENSION TRUST,<br><br>    Defendant.<br>_____/ | No. C09-03782 HRL<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Re: Docket Nos. 6 and 23]** |

     Pro se plaintiff James Gray sues for alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Defendant I.B.E.W. Local 332 Pension Trust moves to dismiss the First Amended Complaint ("FAC"),[1] or in the alternative, for summary judgment. Plaintiff opposes the motion. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the

---

[1] Shortly after briefing on defendant's motion was complete, but before that motion could be heard, plaintiff filed a request for leave to file a First Amended Complaint ("FAC"), which modifies the first paragraph of the original complaint. The substance of the original complaint remains unchanged, and defendant does not object to Gray's proposed amendment. Accordingly, Gray's motion to amend is granted, the FAC is deemed filed, and defendant's motion to dismiss is deemed to apply to the FAC.

moving and responding papers,[2] as well as the arguments presented at the motion hearing, this court grants defendant's motion to dismiss with leave to amend.

## I. BACKGROUND

The following background is based upon allegations of the FAC, as well as documents submitted by defendant for judicial notice.[3]

According to the FAC, Gray is a retired electrician with 25 years of contributions to the I.B.E.W. Local 332 Pension Trust ("Plan"). He was married twice. Both marriages ended in divorce. His claims here arise out of payments made by the Plan to his ex-wives generally — and certain payments made to his first ex-wife, Mary Ann (Gray) Caverly ("Mary"),[4] in particular. Plaintiff and Mary were divorced in 1980. On November 21, 1980, the California Superior Court issued an Interlocutory Judgment of Dissolution of Marriage, which provided, among other things, that the court reserved jurisdiction over Gray's pension until benefits became due and payable, at which time the so-called "Brown Rule"[5] would be applied. (See Request for Judicial Notice ("RJN") Ex. A).

In 1981, Gray married his second wife, Carol Ann Gray ("Carol"). They separated on August 15, 1998 and eventually divorced. As part of the dissolution proceedings, Gray and Carol reportedly stipulated to a Qualified Domestic Relations Order ("QDRO") under ERISA. (See RJN Ex. E at 5-6).

---

[2] Several weeks after the instant motion was heard and submitted, plaintiff filed an additional declaration without leave of court and in contravention of Civil Local Rule 7-3(d). Because defendant's motion is being treated as a motion to dismiss, and materials that may be reviewed on such motions are limited, this court has not considered plaintiff's post-hearing submission.

[3] Pursuant to Fed. R. Evid. 201, defendant's request for judicial notice is granted.

[4] After their divorce, Gray's first ex-wife changed her name from Mary Ann Gray to Mary Ann Caverly. For simplicity and to avoid confusion, the court refers to Gray's ex-wives only by their first names.

[5] Details as to the rules applied in the division of Gray's pension benefits are immaterial to the resolution of the instant motion to dismiss. Suffice to say, Gray and Mary subsequently disagreed as to what was meant by the Superior Court's reference to the "Brown Formula" and whether that formula was synonymous with the so-called "time rule."

Some seven years later, in 2005, Mary applied to receive her share of Gray's pension benefit. The Plan provided her with an initial estimate based on the so-called "time rule." In response, Gray filed a motion in the state Superior Court, seeking a determination of the community interest in his pension. Briefly stated, plaintiff and Mary disagreed as to what the Superior Court's prior 1980 judgment meant and whether the Plan's calculation of Mary's share of Gray's benefits complied with that judgment. The Superior Court concluded that Mary was correct and issued a QDRO on August 28, 2006. (RJN, Ex. B). Gray appealed.

The California Court of Appeal reversed and remanded. In sum, it found that the Superior Court failed to exercise its discretion to equitably apportion the pension benefits in accordance with state law. (RJN, Ex. E). On remand, the Superior Court issued an Amended QDRO on May 27, 2008, resulting in lower benefit payments to Mary.

Gray now claims that defendant breached its fiduciary duty to him because the Plan allegedly overpaid Mary pursuant to the first QDRO (which eventually was overturned on appeal) and reportedly underpaid Carol. He seeks reimbursement of approximately $40,000 (including attorney's fees incurred in litigating the first QDRO as to Mary's share of his pension benefits), as well as an order requiring the Plan to use a single formula for all plan participants, beneficiaries and alternate payees. (FAC ¶ 12).

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (for lack of subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim for relief). Alternatively, defendant argues that it is entitled to summary judgment as a matter of law because it fully complied with all of its obligations under the Plan.

## II. DISCUSSION

A. <u>Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. See <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a

federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted); see also Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears").

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). Here, the Plan raises a facial attack and asserts that the FAC's allegations, even if true, are insufficient on their face to invoke federal jurisdiction. Thus, all material allegations of the complaint are presumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).

ERISA's civil enforcement provision allows a participant to bring an action against a plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant may also bring an action: (a) to enjoin any act or practice which violates any provision of [29 U.S.C. § 1132] or the terms of the plan, or (B) to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of [29 U.S.C. § 1132] or the terms of the plan. 29 U.S.C. § 1132(a)(3).

Defendant argues that the FAC merely alleges Gray's dissatisfaction with the state court's division of his pension as to his ex-wives — a domestic relations matter that is outside the jurisdiction of this court. To be sure, if Gray sought a review of the state court's orders or asked this court to say that his benefits need not be shared with his ex-wives, this court would have no jurisdiction over such claims. See Trustees of the Directors Guild of America–Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 421 (9th Cir. 2000) ("Under [ERISA], . . . whether an alternate payee has an interest in a participant's pension plan is a matter decided by a state court according to the state's domestic relations law."); see also

4

1  Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) ("For that matter, the whole subject of
2  domestic relations . . . is generally considered a state law matter.").

3  However, Gray does not dispute that his pension benefits must be shared with his ex-
4  wives. Rather, the FAC, liberally construed, alleges that defendant breached its fiduciary duty
5  to Gray because of the manner of the Plan's compliance (or not) with the QDROs in question.
6  Thus, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

7  Even so, for the reasons explained below, the court finds that the FAC, as currently pled,
8  fails to state a claim for relief.

10  B.  Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim for Relief

12  A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
13  the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a
14  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
15  theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Documents
16  which properly are the subject of judicial notice may be considered along with the complaint
17  when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See
18  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

19  In such a motion, all material allegations in the complaint must be taken as true and
20  construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However,
21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
22  statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the
23  court is not required to accept legal conclusions cast in the form of factual allegations if those
24  conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness
25  Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

26  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
27  claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations
28  must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

5

Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

In the instant case, Gray contends that he is entitled to recompense from the Plan because the first QDRO re Mary's share of benefits required "expensive litigation to correct." (Opp. at 2). In essence, plaintiff contends that defendant breached its fiduciary duty to him because the Plan should have determined whether that QDRO complied with state law. His allegations fail to state a claim for relief because the law imposes no such duty on defendant.

A state QDRO which meets certain statutory requirements is a recognized exception to ERISA's anti-alienation and preemption clauses. Carmona v. Carmona, 544 F.3d 988, 998-99 (9th Cir. 2008). Thus, "[a] state court's domestic relations order overrides the terms of the plan if it meets seven criteria laid down in [29 U.S.C.] § 1056(d)(3)(C) and (D)." Blue v. UAL Corp., 160 F.3d 383, 385 (7th Cir. 1998). "Once the pension plan is on notice that a domestic relations order has issued that *may* be a QDRO, the plan may take a reasonable period to determine whether the order is a QDRO and therefore creates obligations for the pension plan." Tise, 234 F.3d at 421-22 (citing 29 U.S.C. § 1056(d)(3)(G)(II)). And, a "DRO meets the requirements of a QDRO and thus is enforceable only if the order 'clearly specifies' (1) the name and mailing address of both the participant and the alternate payees, (2) the amount or percentage of the participant's benefits to be paid to each alternate payee, (3) the number of payments to which the order applies, and (4) the plan to which the order applies." Carmona, 544 F.3d at 999 (citing 29 U.S.C. § 1056(d)(3)(C)).

Once a QDRO is found to meet the statutory criteria, the law requires the Plan's compliance with the QDRO *without* inquiry as to whether a valid QDRO actually complies with state laws. Thus, "ERISA does not require, or even permit, a pension fund to look beneath the

6

surface of the order" to determine whether it complies with state law. Blue, 160 F.3d at 385. Indeed, "under ERISA, the pension plan must pay the bearer of a DRO if it determines that the order is a proper QDRO, *without further inquiry*; '[c]ompliance with a QDRO is obligatory.'" Tise, 234 F.3d at 424 (quoting Blue, 160 F.3d at 385) (emphasis added); see 29 U.S.C. § 1056(d)(3)(A) ("Each pension plan *shall* provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order.") (emphasis added).

Here, the FAC does not allege that the QDROs in question failed to meet the requirements of a valid QDRO. Nor are there facts alleged to suggest that the Plan failed to properly calculate Gray's benefits in any way.

As for Gray's allegation that the Plan underpaid Carol for some period of time, there are no facts alleged that tend to indicate that the underpayment to Carol affected Gray's rights under the Plan. The only alleged harm identified by plaintiff is that he was obliged to pay Carol higher monthly support payments (see FAC ¶ 10). Gray also alleges that he is entitled to reimbursement for "loss of benefits." (FAC ¶ 9). However, these allegations are made in very conclusory fashion and do not survive dismissal. Bell Atlantic Corp., 550 U.S. 544 at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

Accordingly, defendant's motion to dismiss is granted. Although it is doubtful — on the record presented and based on plaintiff's acknowledgment of certain facts at the time of oral argument — whether he can amend his complaint to state a viable claim for relief, he will be given leave to amend.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss is denied.

2. Defendant's Fed. R. Civ. P. 12(b)(6) motion is granted with leave to amend. Plaintiff shall have until **February 1, 2010** in which to file an amended pleading.

3. The court does not reach defendant's alternate motion for summary judgment.

7

4. The case management conference currently set for January 26, 2010 is **continued to March 23, 2010, 1:30 p.m.** All deadlines set in the court's Initial Order Setting Initial Case Management Conference and ADR Deadlines (Docket No. 3) are adjusted accordingly.

Dated: January 15, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:09-cv-03782-HRL Notice has been electronically mailed to:

2  Katherine Ann McDonough kmcdonough@kraw.com

3  Lisa Marie Schwantz lschwantz@kraw.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5

6  5:09-cv-03782-HRL Copy of document mailed to:

7  James Wesley Gray
3745 Akron Way
8  San Jose, CA 95117

9       Pro Se Plaintiff

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California